MUTSCHLER BROS. CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4550, 11458. Promulgated June 21, 1928.

*Conrad Wolf, Esq.*, and *J. Murray Chenoweth, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

732

## OPINION.

MURDOCK: The petitioner has apparently abandoned its allegation of error in regard to special assessment under sections 327 and 328 of the Revenue Act of 1918. If it has not, nevertheless, we must affirm the Commissioner on this point since the evidence fails to support the allegation.

The case of *Milton Dairy Co.* v. *Willcuts*, 15 Fed. (2d) 814, was cited in support of the fourth alleged error set out above. Since the hearing in the present case the Supreme Court of the United States has reversed the Circuit Court of Appeals for the Eighth Circuit in the *Milton Dairy Co.* case, and in *Willcuts* v. *Milton Dairy Co.*, 275 U. S. 215, has held that a preexisting deficit must be offset

by subsequent earnings before those earnings can serve to increase invested capital.

Distributions called dividends may serve to reduce invested capital below the amount paid in for stock or shares where the distribution exceeds the surplus and profits of the corporation, since to the extent of the excess, the distribution is a liquidation or return of capital. From the record in the present case we can not say that the Commissioner's computation of invested capital contained any error relating to the treatment of dividends.

Section 1207 of the Revenue Act of 1926 provides as follows:

The computation of invested capital for any taxable year under the Revenue Act of 1917, the Revenue Act of 1918, and the Revenue Act of 1921, shall be considered as having been correctly made, so far as relating to the inclusion in invested capital for such year of income, war-profits, or excess-profits taxes for the preceding year, if made in accordance with the regulations in force in respect of such taxable year applicable to the relationship between invested capital of one year and taxes for the preceding year.

The regulations which were in force at the time the Revenue Act of 1926 became effective, in respect of the taxable years here involved, were, in part, as follows:

For the purpose of computing invested capital Federal income and war profits and excess profits taxes are deemed to have been paid out of the net income of the taxable year for which they are levied. * * * Amounts payable on account of such taxes for the preceding year may be included in the computation of invested capital only until such taxes become due and payable. A deduction from the invested capital as of the beginning of the taxable year must therefore be made for such taxes or any installment thereof, averaged for the proportionate part of the taxable year after the date when the tax or the installment is due and payable. (Art. 845, Regulations 45, Revised January 28, 1921; Art. 845, Regulations 62.)

We interpret the law as thus enacted to mean that taxes for prior years, whether paid or unpaid, serve to reduce invested capital from the dates when due, where invested capital would otherwise include surplus or undivided profits, but such taxes can not reduce invested capital below the amount paid in for stock or shares. It has been frequently held that neither expenses nor operating deficits can reduce invested capital below the amount paid in for stock or shares. Taxes are expenses which obviously reduce profits, but which do not affect the amount paid in for stock or shares. The wording of the regulations applicable to the taxable years, confirmed by section 1207, is somewhat ambiguous on this point. One sentence states that "Amounts payable on account of such taxes for the preceding year may be *included* in the computation of invested capital only until such taxes become due and payable." The only way that such amounts would ever be included in invested capital would be by way of surplus or undivided profits. The next sentence of the regulations

states that "A deduction from the invested capital as of the beginning of the taxable year must *therefore* be made for such taxes or any installment thereof, * * *." This sentence seems to depend upon the preceding sentence and under the circumstances we think that the proper interpretation is the one above indicated. In the computation of invested capital for 1919, the Commissioner added a surplus of $1,341.60 and then deducted taxes in the total amount of $1,595.25. The excess of the taxes over the surplus should not have been deducted.

*Judgment will be entered under Rule 50.*

*Conrad Wolf, Esq.,* and *J. Murray Chenoweth, Esq.,* for the petitioner.